UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY A. PERRY, | : | Case No. 2:24-cv-2837 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Stephanie K. Bowman |
| KAREN PHIPPS, *et al.,* | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Franklin County Correction Center, has filed a prisoner civil rights complaint in this Court.[1] (Doc. 1).

By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

---

[1] The complaint was originally filed in the United States District Court for the District of Columbia, before being transferred to this Court. (*See* Doc. 1, 5).

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

² Formerly 28 U.S.C. § 1915(d).

2

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff brings this action in connection with his criminal case in the Franklin County, Ohio Court of Common Pleas, Case Number 23-CR-271. As defendants, plaintiff names Judge Karen Phipps, Prosecutor Roxanne T. Alexander, Defense Attorney Mike E. Morgan, and Detective Blair Nance. (Doc. 1 at PageID 4, 17). Review of plaintiff's complaint, as well as the

3

relevant state-court docket records, indicates that on September 30, 2024, plaintiff was sentenced to a total aggregate sentence of eighteen years to life based on his convictions and sentence on two counts of murder and one count each of improper handling of a fire arm and tampering with evidence. Plaintiff filed a notice of appeal on October 30, 2024, which remains pending in the Ohio Court of Appeals.[3]

Plaintiff claims that he was initially arrested in Concord, North Carolina on an arrest warrant by defendant Detective Nance. (*Id.* at PageID 16). Plaintiff claims he was held in North Carolina for sixty days, before being extradited to Columbus, Ohio on February 2, 2023. (*Id.* at PageID 15). According to plaintiff, he was not provided with a preliminary hearing within the time specified under Ohio law. Plaintiff further alleges that the complaint and affidavit filed by Detective Nance did not satisfy the requirements set forth in Ohio Crim. R. 3. (*Id.* at PageID 14). Based on alleged deficiencies in the criminal complaint, plaintiff asserts that his conviction is invalid. (*Id.* at PageID 10). Plaintiff also seeks to hold defendant Prosecutor Alexander liable for "present[ing] an unsworn complaint/affidavit to the grand jury." (*Id.* at PageID 5).

Plaintiff further claims that defendant Phipps—the trial court judge overseeing his criminal case—failed to enforce the Franklin County Common Pleas Court's rules of practice, resulting in "unjust lengths of pretrial detention" and subjected him to excessive bail. (*Id.* at PageID 5, 7). He further alleges that Phipps and defendant Defense Attorney Morgan forged his signature on orders of continuances. (*Id.* at PageID 6). According to plaintiff, Morgan also provided ineffective assistance of counsel in the state-court criminal proceedings. (*Id.* at PageID 8).

---

[3] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 23-CR-271 and 24-AP-664. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

As relief, plaintiff seeks immediate release from custody and dismissal of his criminal case, as well as monetary damages. (*Id.* at PageID 5).

**C. Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, to the extent that plaintiff seeks release from custody, challenges the validity of his convictions, or asserts violations of his speedy trial rights and/or excessive bail, the proper mechanism for plaintiff to challenge his present physical custody is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."); *Lucas v. Lewis*, No. 1:22-cv-741, 2023 WL 2154680, at *2 (S.D. Ohio Feb. 22, 2023) (dismissing an excessive bail claim without prejudice, noting that the claim the plaintiff "may press that claim in habeas but not through § 1983"). Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).[4]

---

[4] The undersigned notes that plaintiff has filed a federal habeas petition in this Court raising similar claims as grounds for relief in *Perry v. Warden*, Case No. 2:24-cv-2835 (Graham, J.; Deavers, M.J.) (S.D. Ohio Mar. 22, 2024).

5

To the extent that plaintiff seeks monetary damages, his federal Section 1983 claims should be dismissed for failure to state a claim upon which relief may be granted, and the Court should decline to exercise its supplemental jurisdiction over his state-law claims.

As to defendant Judge Karen Phipps, the complaint must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts to plausibly suggest that defendant Phipps presided over a matter in which he was without subject matter jurisdiction or performed non-judicial acts.

Defendant Prosecutor Roxanne T. Alexander is also immune from suit. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute

6

prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Because plaintiff seeks to hold Alexander liable based on conduct intimately associated with the judicial phase of the criminal process, his claims against this defendants are subject to dismissal.

Plaintiff's complaint also fails to state a claim for relief under § 1983 against defendant Morgan because his defense attorney is not a state actor. In order to maintain an action under § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As a lawyer representing a client, defendant Morgan is not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

Finally, the complaint should be dismissed against defendant Detective Nance. Plaintiff alleges that Nance's complaint and affidavit failed to comply with Ohio Crim. R. 3 and other provisions of Ohio law.[5] (*See* Doc. 1 at PageID 14). Plaintiff has pled insufficient factual content to state a federal claim for relief against defendant Nance. *See Twombly,* 550 U.S. at 5.

To the extent that plaintiff claims Nance or any other defendant violated Ohio law, the Court should dismiss Plaintiff's state-law claims without prejudice. Having determined that

---

[5] In his pending motions, plaintiff asserts that the complaint and affidavit did not comply with various provisions of Ohio law. (*See* Doc. 6 at PageID 14-15; Doc. 14 at PageID 190). As noted below, it is recommended that the Court dismiss plaintiff's state-law claims without prejudice.

7

plaintiff's federal claims should be dismissed against the named defendants, it is recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, in sum, it is recommended that the Court dismiss with prejudice plaintiff's federal claims against defendants for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Having recommended that the Court dismiss plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper,* 392 F.3d at 210. Finally, because it is recommended that this case be dismissed, plaintiff's pending motions reasserting the claims presented in the complaint (Doc. 6, 7, 11, 14) should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** Plaintiff's federal claims pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2) because plaintiff has failed to state a claim upon which relief may be granted.

2. The Court **DECLINE to exercise supplemental jurisdiction** over plaintiff's remaining state-law claims and **DISMISS** such claims **without prejudice**.

3. Plaintiff's pending motions (Doc. 6, 7, 11, 14) be **DENIED.**

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

8

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge