UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODNEY A. PERRY,

       Plaintiff,

                              Case No. 2:24-cv-2837
    v.                        Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Stephanie K. Bowman

KAREN PHIPPS, *et al*.,

       Defendants.

## ORDER

This matter is before the Court on the November 22, 2024, Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 16.) Plaintiff Rodney Perry brings this prisoner civil rights action *pro se* under 42 U.S.C. § 1983 in connection with his Ohio state court criminal convictions in the Franklin County Court of Common Pleas, Case Number 23-CR-271. (Compl., ECF No. 1.) He brings federal constitutional claims and state law claims against Judge Karen Phipps, prosecutor Roxanne T. Alexander, defense attorney Mike E. Morgan, and Detective Blair Nance. (*See id.*). His state court criminal case is currently pending an appeal.[1]

The Magistrate Judge recommended that the Court dismiss with prejudice Plaintiff's federal claims against all defendants for failure to state a claim upon which relief may be granted. (R&R, PageID 209) (citing 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)). She concluded that, to the extent Plaintiff seeks release from custody, challenges the validity of his convictions, or asserts violations of his speedy trial rights or excessive bail, the proper mechanism for Plaintiff's

---

[1] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 23-CR-271 and Case No. 24-AP-664. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

challenge is to petition the Court for a writ of habeas corpus under 28 U.S.C. § 2254. (*Id.*, PageID 206.) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)). Further, the Magistrate Judge concluded that Plaintiff's federal claims should be dismissed on grounds of immunity and failure to allege sufficient facts, among other reasons. (*Id.*, PageID 207–08.)

The Magistrate Judge further recommended that the Court decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims and dismiss those claims without prejudice. (*Id.*, PageID 209.) She also recommended denying Plaintiff's various pending motions reasserting the claims presented in the Complaint (ECF Nos. 6, 7, 11, 14). (R&R, PageID 209.) Last, the Magistrate Judge recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of an Order adopting the Report and Recommendation would not be taken in good faith. (*Id.*)

Plaintiff was advised of his right to object to the Report and Recommendation and of the consequences of failing to do so. (R&R, PageID 210.) Plaintiff did not timely object to the Report and Recommendation. Mail sent by the Clerk to Plaintiff after issuance of the Report and Recommendation has been returned as undeliverable. (ECF Nos. 17, 18.) Plaintiff has not provided the Court with a forwarding address and has not filed notice with the Court regarding a change of address.[2]

The Court **ADOPTS** and **AFFIRMS** the Report and Recommendation. (ECF No. 16.) The Court **DISMISSES WITH PREJUDICE** Plaintiff's federal claims for failure to state a claim.

---

[2] Plaintiff's failure to provide an updated address to the Court renders his complaint subject to dismissal for failure to prosecute. *See Whittaker v. Hilltop Records*, No. 1:08cv555, 2009 WL 2734052, at *1–2 (S.D. Ohio Aug. 27, 2009) (Barrett, J.) (granting defendant's motion to dismiss for pro se plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) because plaintiff failed to provide the court an updated address). Regardless, this Court dismisses Plaintiff's claims pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2) for the reasons stated in the Report and Recommendation: because he has failed to state a claim upon which relief may be granted.

The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that any appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

The Court **DENIES AS MOOT** Plaintiff's Motion for relief in violation of civil rights (ECF No. 6), Motion for speedy trial (ECF No. 7), Motion for De Novo Review of Criminal Case (ECF No. 11), and Motion requesting a Crim. R. 48(b) pursuant to Rule 12(b)(1) lack of subject-matter jurisdiction and Crim. R. 3 (ECF No. 14).

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

1/7/2025                                    s/Edmund A. Sargus, Jr.
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**